**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, <br> Plaintiff, <br> v. <br> George Calvin Windley (2), <br> Defendant. | No. CR-10-660-2-PHX-DGC <br><br> **ORDER** |

Defendant George Calvin Windley has filed several pretrial motions. The motions are fully briefed and the parties were afforded an opportunity to make additional oral arguments at a hearing on June 29, 2012. This order will set forth the Court's rulings on the motions.

**I.      Motion to Sever Count Six.  (Doc. 267).**

To obtain severance under Federal Rule of Criminal Procedure 14(a), "[t]he defendant must demonstrate that a joint trial is 'so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever.'" *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1981) (quoting *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir.1976)); *see United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (party seeking "severance . . . has the burden of proving 'clear,' 'manifest.' or 'undue' prejudice from the joint trial") (citations omitted).

Count Six of the superseding indictment alleges that Defendant engaged in sex trafficking by force, fraud, and coercion between October 2001 and January 2003 with

respect to victim K.M. Doc. 97. The remainder of the indictment alleges that Defendant engaged in sex trafficking, conspiracy to commit sex trafficking, and related crimes between September 2008 and October 2009 with respect to other minor victims. *Id.* Defendant argues that the jury will confuse and combine the evidence for the various counts, preventing a fair trial on any count, and that evidence related to Count Six would not be admissible in a trial limited to the first five counts. The Court does not agree.

The jury will be instructed that a separate crime is charged against Defendant in each count, that the jury must decide each count separately, and that the jury's verdict on one count should not control its verdict on any other count. There is a strong presumption that the jury will follow the Court's instructions. *United States v. Dorsey*, 677 F.3d 944, 955 (9th Cir. 2012). Indeed, the Supreme Court has recognized that the risk of prejudice posed by joint trials can be cured by proper jury instructions. *See Zafiro v. United States,* 506 U.S. 534, 540–41 (1993). Defendant has failed to demonstrate that the jury will be unable to follow the instruction that each count be decided separately.

Defendant points to the five-year interval between the events at issue in Count Six and those at issue in the other counts to argue that evidence related to Count Six would be inadmissible under Federal Rule of Evidence 404(b) in a separate trial of the remaining counts. Although it is true that proximity in time is a factor to be considered when admitting Rule 404(b) evidence, it is not true that five years is too long a time for evidence to be admitted. The Ninth Circuit has not identified a particular number of years beyond which past incidents become too remote, and has affirmed the admission of events more than 12 years old. *See United States v. Vo,* 413 F.3d 1010, 1018-19 (9th Cir. 2005) (no set time period; conviction 13 years old not too remote); *United States v. Johnson,* 132 F.3d 1279, 1283 (9th Cir. 1997) (sexual assaults 13 years earlier not too remote). Given the similarity of events charged in Count Six and the other counts, the Court views it as quite likely that the Count Six evidence would be admissible in a trial of the other counts. Rule 404(b) is a "rule of inclusion," *Boyd v. City and County of S.F.,* 576 F.3d 938, 946-47 (9th Cir. 2009), and the Count Six evidence likely would be

admissible on the issue of Defendant's plan, motive, intent, and absence of mistake.

Finally, Defendant argues that the emotional nature of the evidence related to Count Six will result in prejudice if the count is not severed. The Court cannot distinguish, however, between the level of emotion that will be evoked by the child sex trafficking allegations in Count Six and the same allegations in the first five counts. Indeed, because the alleged trafficking in the first five counts allegedly resulted in the death of Tanya Paige, one of the minor victims, the Court concludes that the emotion in a trial limited to the first five counts would be no less than the emotion produced in a trial of all counts. The Court will instruct the jury that it must decide the case solely on the evidence and the law, and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. The Court will entertain additional proposed instructions from the parties to minimize the risk that emotion will produce the verdict in this case. As noted above, the Court presumes that the jury will follow its instructions.

Defendant's motion to sever Count Six will be denied.

**II.     Motion to Dismiss Count Two (Doc. 250).**

Defendant moves to dismiss Count Two, charging him with sex trafficking in violation of 18 U.S.C. § 1591(a), because the alleged acts occurred wholly within Arizona and were not "in or affecting interstate commerce" as necessary to trigger federal jurisdiction. Doc. 250. The government argues that sex trafficking is inherently commercial and affects interstate commerce. The government also asserts that Defendant provided cell phones, illegal drugs, and condoms to the minor involved in this count, all of which traveled in interstate commerce.

The charge in Count Two will require the government to prove that Defendant's actions were "in or affecting interstate commerce." The jury will be instructed that this is an element of the Count Two offense. Thus, Defendant's motion is premature. The government must be afforded an opportunity to prove this element. If Defendant believes the government has failed to present evidence sufficient to prove this element, he may move for a judgment of acquittal on this count at the close of the government's case. *See*

Fed. R. Crim. P. 29.

Even if the evidence shows that Defendant procured the victim's acts of prostitution only within the State of Arizona, the Court cannot conclude that the count will fail. Section 1591(a) was enacted as part of the Trafficking Victims Protection Act of 2000 ("TVPA"). The Ninth Circuit has concluded that the TVPA "deals with commerce within the power of Congress to regulate." *United States v. Todd*, 627 F.3d 329, 333 (9th Cir. 2010). The Supreme Court has held that Congress has the "power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce." *Gonzales v. Raich*, 545 U.S. 1, 17 (2005). "[W]here Congress has attempted to regulate (or eliminate) an interstate market, *Raich* grants Congress substantial leeway to regulate purely intrastate activity (whether economic or not) that it deems to have the capability, in the aggregate, of frustrating the broader regulation of interstate economic activity." *United States v. Evans*, 476 F.3d 1176, 1178 (11th Cir. 2007) (citation omitted).

In *Evans*, the Eleventh Circuit reviewed a conviction for sex trafficking under § 1591(a). The defendant in *Evans* used motels servicing interstate travelers and provided condoms for the prostitutes. The court found that § 1591(a) was part of a "comprehensive regulatory scheme . . . to prevent slavery, involuntary servitude, and human trafficking for commercial gain," and that intrastate prostitution in the aggregate could frustrate Congress's purpose. *Id.* at 1179. The Eleventh Circuit also found that the use of interstate hotels and condoms constituted "further evidence that [the] conduct substantially affected interstate commerce." *Id.* at 1180.

The Court finds the reasoning of *Evans* to be persuasive and consistent with the Supreme Court's decision in *Raich.* Although Defendant's activities may be only a minor part of the national market of trafficking in children for commercial sex acts, his actions, like those of the defendant in *Evans*, contribute to the market that Congress seeks to eliminate through the comprehensive scheme of the TVPA. *Id.* at 1179. Moreover, the government asserts that the evidence in this case will show that Defendant used cell

phones to make appointments for and communicate with the minor, controlled the minor in part with illegal drugs that had crossed state lines, and arranged for the minor to commit acts of prostitution in hotels that are national chains and that host interstate travelers. Under *Evans*, this evidence is sufficient to show that Defendant's actions affected interstate commerce. The Court will deny the motion to dismiss Count Two.

**III.   Motion to Dismiss Count One or Obtain a Bill of Particulars (Doc. 245).**

Count One of the superseding indictment charges Defendant with violating 18 U.S.C. § 1594, conspiracy to commit sex trafficking. Doc. 97. Count One refers to a conspiracy with an unknown start date, unnamed known and unknown co-conspirators, unnamed known and unknown victims, and unnamed known locations. Doc. 97, ¶ 7. Although the superseding indictment includes the names of various co-conspirators, victims, and locations with corresponding windows of time, Defendant argues that the failure to name known people and places constitutes a failure to provide him with information needed to prepare his defense.

**A.   Legal Standards.**

Federal Rule of Criminal Procedure 7(f) provides that the Court may direct the government to file a bill of particulars. "A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted). The purposes of a bill of particulars are threefold:

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (internal quotations and citations omitted). The grant or denial of a motion for a bill of particulars is within the discretion of the district court. *Id.* at 1180.

The Supreme Court has held that an indictment is sufficient if "it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Chenaur*, 552 F.2d 294, 301 (9th Cir. 1977). A defendant "is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original). A bill of particulars "is not intended to provide the defendant with the fruits of the government's investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). Rather, a bill of particulars is intended to give a defendant "only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *Id.* (emphasis in original).

**B.    Defendants' Arguments.**

Defendant argues that he cannot formulate an adequate defense because of uncertainty surrounding: (1) the identities of all the co-conspirators and victims; (2) the locations of the charged offenses; and (3) the exact time the charged offenses occurred. The government argues that the indictment contains sufficient facts to allow Defendant to defend against the charges. The government also argues that additional facts are available in the 5,500 pages of discovery the government has provided to defense counsel.

**1.    Names of Co-conspirators, Victims, and Locations.**

Count One lacks detail on some key issues. It alleges, for example, that there are known co-conspirators, victims, and locations that are not identified in the superseding indictment. Because the identities of these co-conspirators, victims, and locations could be critical to defense preparation, the Court concludes that they should be provided by the government, and not merely by reference to the 5,500 pages of discovery produced to date. The government seems to acknowledge as much, identifying more co-conspirators, victims, and locations in its response to Defendant's motion, along with citations to the discovery where they can be found. Doc. 275 at 5-6. This is helpful clarification, but the

Court will require the government to provide a bill of particulars that identifies the co-conspirators, victims, and locations it intends to identify at trial that are not mentioned in the superseding indictment.

### 2. Time Frame of Offenses.

Defendant argues that the time periods alleged in the superseding indictment are not specific enough to allow him to prepare for trial. The Court does not agree. The dates contained in the indictment are sufficient to apprise Defendant of the offenses charged and to enable him to prepare a defense through his own investigation. *Smith*, 776 F.2d at 111. Defendant's motion for a bill of particulars for more specific dates is denied.

### IV. Motion to Dismiss Count Two or Obtain Bill of Particulars (Doc. 249).

Count Two also lacks detail on a critical issue – where the alleged crime occurred. Count Two alleges that it occurred "in the District of Arizona and elsewhere," but never specifies the "elsewhere." Doc. 97 at 8. The Court concludes that the location of the alleged crime is critical to Defendant's trial preparation and should be clarified through a bill of particulars. The government's response to Defendant's motion provides additional details on the location of actions alleged in the superseding indictment, with citations to the record (Doc. 275 at 6), but the Court cannot tell whether all locations have been disclosed. The Court therefore will require the government to provide a bill of particulars that identifies the locations of the Count Two criminal conduct that will be identified by the government at trial.

### V. Motion to Exclude Speculative Testimony Regarding Tanya Paige (Doc. 244).

Defendant asks the Court to exclude testimony from a number of witnesses about observations they made of Defendant and Tanya Paige and conclusions they drew from those observations. Doc, 244. These observations include the fact that Ms. Paige would leave with Defendant immediately after receiving phone calls from clients, would provide money to Defendant directly following, and gave money to her father during the period she was associating with Defendant. The witnesses apparently concluded that Ms. Paige

was engaged in prostitution from these and other observations. Some of the witnesses will also testify that they believed Defendant to be a pimp based on their personal interactions with him. Defendant asks the Court to exclude the testimony of these witnesses as speculative and not based on personal knowledge.

The Court cannot conclude at this time that the testimony is inadmissible. Testimony about what these witnesses personally observed and heard will be based on personal knowledge as required by Rule 602. Whether these witnesses can express lay opinions under Rule 701 will depend on whether the opinions are rationally based on the witnesses' perceptions, helpful to a clear understanding of the witnesses' testimony or to determine a fact in issue, and otherwise consistent with Rule 701. The Court cannot conclude at this time that the witnesses will be unable to satisfy Rule 701.

Defendant argues for the first time in his reply memorandum that the testimony of some of these witnesses will constitute inadmissible hearsay or will be unfairly prejudicial under Rule 403. Doc. 298. The Court will not grant a motion to exclude based on arguments made for the first time in a reply memorandum. Defendant will have a full opportunity at trial to object to testimony on the basis of hearsay or Rule 403.

Defendant also argues for the first time in reply that lay opinion testimony by these witnesses that Ms. Paige was engaged in prostitution for Defendant would be inadmissible because it goes directly to a central issue to be decided by the jury in this case – whether Defendant coerced Ms. Paige into prostitution – and thus would deprive Defendant of the right to have the jury decide that issue. Doc. 298 at 3. As a leading treatise explains, however, "[l]ay opinion testimony is not inadmissible solely because it addresses the ultimate issue in the case." Vol. 4, *Weinstein's Federal Evidence*, § 701.05 (Matthew Bender 2d ed. 2012). Rather, "[l]ay opinion testimony has been admitted liberally whenever it might conceivably assist the trier of fact in its deliberations." *Id.* § 701.03[3]. The treatise also cautions, however, that courts should be wary of lay opinion testimony when its sole function is to answer the same question the trier of fact is to consider in its deliberations. *Id.* § 701.05. Such testimony is not "helpful" within the

meaning of Rule 701. In ruling on the admissibility of lay opinions at trial, therefore, the Court will ask whether the opinions provide a benefit to the jury other than simply suggesting how the jury should evaluate the evidence. If an opinion is based on the unique perspective of the witness, as established through adequate foundation, and reflects a perspective that would not be available to the jury merely by hearing a recitation of the facts, the Court likely will conclude that the opinion is helpful and admissible. If, however, the jury is as capable of drawing a conclusion as the witness once the basic facts are known, the opinion likely will be deemed unhelpful and inadmissible. The Court must address these matters during the course of trial.

Because the Court cannot conclude that the testimony addressed in this motion is inadmissible, the motion will be denied.

**VI.    Motion to Exclude Specific Witness Testimony (Doc. 246).**

This motion is much like the last motion. It seeks to exclude the testimony of several witnesses who will testify about their observations of Ms. Mercado and Defendant during 2001-2003. Doc. 246. Defendant objects to the testimony of these witnesses as speculative, and to any opinions of these witnesses that Ms. Mercado was prostituting herself for Defendant. Defendant also objects on the basis of hearsay to the witnesses' recounting of any statements Ms. Mercado made to them, and argues that the testimony of these witnesses will be cumulative.

As noted above, witnesses may testify to their own observations consistent with Rule 602, and the expression of lay opinions is permissible if the opinions comport with Rule 701. Whether particular testimony constitutes inadmissible hearsay depends on the nature of the testimony and the purpose for which it is offered, matters the Court cannot assess on the basis of the current record. Because the Court cannot conclude that the evidence addressed in this motion clearly will be inadmissible, the motion will be denied. Defendant will be free to make appropriate evidentiary objections during trial.

**VII.   Motion to Exclude Testimony About the Character of Defendant (Doc. 248).**

Defendant asks the Court to exclude the testimony of Jill Branscum, Kristin

Mercado, Lorraine Horton, and Paige Hollman as improper character evidence under Rule 404(b) and as unduly prejudicial under Rule 403. Doc. 248.

The testimony of Kristi Mercado will be directly relevant to the charge in Count Six, and will not constitute "other acts" evidence -- she is the alleged victim in that count. The Court will deny the motion with respect to Ms. Mercado.

The government argues that the testimony of Jill Branscum and Lorraine Horton is inextricably intertwined with the facts of this case and therefore admissible. The Court doubts this argument, as it does not appear necessary to present the testimony of these women in order for the government to present a comprehensible case.

The government also argues that the testimony of Jill Branscum and Lorraine Horton is admissible under Rule 404(b) to show motive, intent, and other facts permitted by Rule 404(b). To be admissible under this rule, other acts evidence must (1) tend to prove a material point, (2) be sufficient to support a finding that the defendant committed the act, (3) be similar to the offense charged when introduced to show intent, and (4) not be too remote in time. *United States v. Smith,* 282 F.3d 758, 768 (9th Cir. 2002). Whether the testimony of Jill Branscum and Lorraine Horton satisfies these requirements and the demands of Rule 403 must be determined at trial. The Court at this point cannot conclude that the evidence clearly will be inadmissible, and therefore will deny the motion with respect to these witnesses. Because of the potential prejudice of their testimony, however, the government should not mention these witnesses to the jury without first raising this issue with the Court.

The government has advised the Court that Paige Hollman passed away. The Court will deny the motion with respect to Ms. Hollman as moot.

**VIII. Hearsay Motions (Docs. 247, 251).**

Defendant moves to exclude the diary of Tanya Paige and statements she made to witnesses who may testify at trial. Defendant argues that the diary and statements are inadmissible hearsay, that introduction of the diary would violate Defendant's Sixth Amendment right to confrontation, and that the diary passed through many hands and

cannot be authenticated.

The Court is not persuaded by Defendant's confrontation argument. Under *Crawford v. Washington,* 541 U.S. 36 (2004), admission of the diary would violate Defendant's confrontation right only if the diary is testimonial. The diary is not testimonial. It is not in-court testimony or its functional equivalent, such as an affidavit, deposition, prior testimony, or confession. *Id.* at 52-53.

Nor will the Court exclude the diary at this time for lack of authentication. Whether the government can satisfy the requirements of Rule 901 must be determined at trial after the government has presented its authentication evidence.

The government responds to Defendant's hearsay argument by asserting that the diary and Tanya Paige's statements to other witnesses will be admissible under Rule 803(3) as evidence of Ms. Paige's mental state during the general time she was under Defendant's influence. The government argues that her vulnerability to his coercion will be an important issue at trial, and statements concerning her mental state are relevant to her vulnerability. The Court expressed serious reservations during the June 29 hearing concerning the admissibility of the entire diary under Rule 803(3). The diary includes statements that either do not reflect Ms. Paige's mental state, or that reflect a portion of her mental state that is not related to her vulnerability to Defendant's control. In addition, some statements that could be construed as reflecting vulnerability are only remotely related to Defendant's control, likely leading to the conclusion that their marginal probative value is substantially outweighed by the risk of unfair prejudice. However, because the Court cannot at this time conclude that the entire diary is inadmissible, or that statements Ms. Paige made to other witnesses are inadmissible under Rule 803(3), Defendant's motion will be denied. The parties stated at the hearing that they will discuss the diary and portions that might be admissible by agreement.

**IT IS ORDERED:**

1. Defendant's motions for a bill of particulars (Docs. 245, 249) are **granted in part** as discussed above.

2. Defendant's remaining motions (Docs. 244, 246, 247, 248, 250, 251, 267) are **denied.**

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 2/28/2012.

Dated this 9th day of July, 2012.

David G. Campbell
United States District Judge