**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America. | No. CR-10-660-2-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| George Calvin Windley, | |
| Defendant. | |

Defendant George Calvin Windley has filed a "Motion to Remove Counsel and [A]ppoint Public Defender Office or Pro Se." Doc. 317. Defendant asks the Court to dismiss his current attorney, Marc Victor, and "appoint a Federal Public Defender to review my plea agreement and investigate to assure that I, George Windley, was properly represented by Marc Victor[.]" *Id*. at 1. For reasons that follow, the Court will deny the motion.

**I.      Background.**

This case has a long and difficult history. Defendant Windley was indicted on May 19, 2010, on five counts of conspiracy to commit sex trafficking, sex trafficking of children, sex trafficking by force, fraud, or coercion, and trafficking with respect to forced labor, resulting in death. Doc. 3. Attorney Doug Passon of the Federal Public Defender's Office was appointed to represent him. Doc. 14.

Attorney Passon immediately sought review of an order detaining Defendant before trial. Doc. 45. When an Arizona Magistrate Judge affirmed the detention order, Attorney Passon appealed the order to this Court. Doc. 62. Unfortunately, Attorney

Passon filed a motion to withdraw on December 2, 2010. Doc. 67. The motion was based on a letter Defendant had written to the Court complaining that Attorney Passon was not sufficiently diligent. Doc. 66. Defendant stated that he wished to proceed to trial promptly, that he had no intention of accepting a plea agreement, and that he wanted to represent himself. Doc. 66. The Court held a hearing on December 9, 2010, concluded that an irreconcilable conflict had arisen between Defendant and Attorney Passon, and granted Mr. Passon's motion to withdraw. Doc. 72.

The Court appointed Attorney Stanley Slonaker of the Court's CJA Panel to represent Defendant. *Id.* Attorney Slonaker promptly filed a reply in support of Defendant's appeal of the detention order. Doc. 86. The Court ultimately denied the appeal and ordered that Defendant be detained pending trial. Doc. 95.

On March 24, 2011, the government issued a Superseding Indictment. Doc. 97. The Superseding Indictment added counts for sex trafficking by force, fraud, or coercion related to two new victims who allegedly were coerced by Defendant and others to engage in sex trafficking. *Id.* The government also disclosed experts and provided notices of confessions that would be presented at trial. Docs. 58, 140, 141, 151. Defense counsel obtained investigative assistance. Doc. 103, 104, 109-111.

The Court set a final pretrial conference for November 3, 2011. Doc. 156. Attorney Slonaker subsequently sought a continuance of the trial until 2012, noting that additional information had been obtained and further investigation was required. Doc. 178. As a result, the Court set trial for April 10, 2012. Doc. 194. On November 22, 2011, however, Defendant moved to replace Attorney Slonaker. Doc. 200. Defendant asserted that Attorney Slonaker was not providing sufficient attention to his case. Defendant also stated that he disagreed with the advice he was receiving from Attorney Slonaker. *Id.* At about the same time, Defendant wrote a letter of complaint to the State Bar of Arizona regarding Attorney Slonaker. Doc. 203.

The Court held a hearing on December 12, 2011, and again concluded that an irreconcilable conflict had arisen between Defendant and his lawyer. The Court granted

the motion for a new lawyer, but made some very specific statements to Defendant. The Court stated that the third lawyer would be Defendant's last – the Court would not appoint a fourth. The Court advised Defendant that he would be required to make the relationship work. The Court also stated that it would try to find a lawyer who could be prepared to try the case by the April 10, 2012 trial date. On December 20, 2011, the Court appointed CJA Panel Attorney Marc Victor to represent Defendant. Doc. 214.

Attorney Victor immediately procured additional investigative services (Doc. 219) and, on February 28, 2012, filed several defense motions. These included a motion in limine to exclude speculative testimony (Doc. 244), a motion to dismiss Count 1 or, alternatively, to obtain a bill of particulars (Doc. 245), a motion in limine to exclude specific witness testimony (Doc. 246), a motion in limine to exclude several specific hearsay statements (Doc. 247), a motion in limine to exclude character evidence (Doc. 248), a motion to dismiss Count 2 or, alternatively, obtain a bill of particulars (Doc. 249), a motion to dismiss Count 2 (Doc. 250), and a motion in limine to exclude a journal kept by the deceased victim (Doc. 251).

On March 13, 2012, Attorney Victor filed a motion to withdraw, citing irreconcilable conflicts with Defendant. Doc. 258. At a hearing the following day, Attorney Victor explained that he had met again with Defendant, the relationship had improved, and he no longer sought to withdraw. Doc. 259. The Court continued the trial for a brief period to May 8, 2012. Defendant stated during March 14 hearing that he wished to accept the government's plea offer. When he subsequently declined to sign it, Attorney Victor requested a settlement conference. Doc. 262. At the settlement conference held on May 3, 2012, a probation office provided Defendant with a guideline calculation based on the charges in the Superseding Indictment. Doc, 290. The probation officer calculated that Defendant would be at offense level 42 if convicted of all charges, a level that produces a sentencing range of 30 years to life.

Plea negotiations continued during the next several weeks. The Court continued the trial to October 2, 2012, at Defendant's request. Doc. 292. On June 11, 2012, the

government filed a notice informing the Court that Defendant had rejected a plea offer of eight to 15 years in prison. Doc. 300. As a result, the Court set a hearing on all outstanding motions for June 29, 2012. Doc. 302.

At the June 29 hearing, Defendant again announced that he wanted a new lawyer. He asserted that Attorney Victor was pressuring him to accept the plea agreement. During *ex parte* communications with the Court, a lengthy history of the plea negotiations was provided. The Court denied the oral request for new counsel. During a portion of the June 29 hearing that was not *ex parte*, the government stated that its plea offer would remain open only until July 3, 2012. Attorney Victor informed the Court that Defendant would not accept the plea. The Court accordingly heard argument on the various pending motions and issued a ruling on the motions. Doc. 304.

Shortly after the hearing, defense counsel called the Court's chambers to say that Defendant had changed his mind and decided to accept the plea agreement. As a result, a change of plea hearing was scheduled for July 11, 2012. Doc. 305. When the parties appeared for the change of plea, however, Defendant again announced that he wanted a new lawyer. During extended *ex parte* communications with the Court, Defendant said that Attorney Victor was pressuring him to accept the plea offer. The Court concluded, however, that Attorney Victor was providing Defendant with an accurate assessment of his chances at trial, had negotiated the most favorable plea agreement possible, was not applying inappropriate pressure to accept the plea, was representing Defendant diligently, and would be prepared for trial if Defendant chose to reject the plea offer. The Court further found that Defendant was unhappy that Attorney Victor had candidly advised him that he likely would lose at trial given the witnesses prepared to testify against him, including several of the young-women victims and several of his co-defendants who had already pled guilty. Defendant also was unhappy with the substantial sentencing range he faced if convicted and with the eight to 15 year plea the government was offering, Although the Court understood why Defendant would be frustrated with these facts, the Court found that Attorney Victor was representing him effectively and was providing

candid and accurate legal advice.

The Court reminded Defendant of its previous statement in December of 2011 that Defendant would not be appointed a fourth attorney. In response, Defendant asked to represent himself at trial as he had on previous occasions. The Court accordingly gave Defendant the warnings required by *Faretta v. California*, 422 U.S. 806 (1975), and cautioned Defendant that it would be a very poor idea to represent himself. In response, Defendant withdrew his request to represent himself and stated that he wished to go forward with the change of plea, represented by Attorney Victor. The Court afforded Defendant another opportunity review and sign the plea agreement with the advice of counsel, and then conducted a change of plea hearing. At the conclusion of a lengthy colloquy, the Court found that Defendant fully understood the terms of the plea agreement, that his decision to accept the plea agreement was knowing and voluntary, and that his guilty plea was supported by a factual basis.

In summary, Defendant has had great difficulty working with every lawyer in this case. His trial has been delayed repeatedly by his inability to get along with counsel. Defendant has also changed his mind repeatedly about the government's plea offer. Several times he has stated that he would accept the plea, and several times he has stated that he would not accept the plea. Finally, on July 11, 2012, Defendant clearly and voluntarily accepted the terms of the plea agreement and pled guilty.

**II.    Defendant's Present Motion.**

Defendant's latest motion for a new lawyer recites the same grievances Defendant raised during the hearing on July 11, 2012. The Court concludes that none of these reasons provides an adequate basis for the appointment of new counsel. The Court advised Defendant at the July 11 hearing, as it had on previous occasions, that it will not appoint a fourth lawyer to represent him. The Court stands by this decision. Defendant has been represented by three capable lawyers and has simply refused to cooperate with them. The Court cannot in good conscience expend additional government funds for a fourth lawyer to learn the complex facts and evidence of this case. Such a course would

only further delay the resolution of this already-old case, and the Court has absolutely no confidence that Defendant would cooperate a fourth attorney. The outcome would be the same, with Defendant ultimately being unhappy about the lawyer's assessment of his chances at trial and the terms of the government's plea offer.

Thus, if Mr. Victor is allowed to withdraw, Defendant will represent himself at the sentencing in this case. Because Defendant's current motion does not state unequivocally that he wishes to represent himself, the Court will deny the motion. If Defendant desires to represent himself at sentencing, he should file another motion asking the Court to remove Mr. Victor as his attorney and stating clearly that Defendant wishes to represent himself at sentencing notwithstanding the warnings provided by the Court on July 11, 2012.

**IT IS ORDERED** that Defendant's "Motion to Remove Counsel and [A]ppoint Public Defender Office or Pro Se" (Doc. 317) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run beginning 8/2/2012.

Dated this 14th day of August, 2012.

_____
David G. Campbell
United States District Judge