**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America. <br><br> Plaintiff, <br><br> v. <br><br> George Calvin Windley, <br><br> Defendant. | No. CR-10-660-2-PHX-DGC <br><br> **ORDER** |

Counsel for Defendant George Calvin Windley has filed a sealed, *ex parte* motion to withdraw. Doc. 327. Without disclosing any confidential attorney-client information that may be contained in the motion, the Court notes that Defendant Windley recently sent a letter of complaint to the State Bar of Arizona concerning his attorney, Marc Victor. Doc. 327-1. In light of this letter, the Court concludes that the attorney-client relationship is irretrievably broken. The Court will permit Mr. Victor and his firm to withdraw as counsel for Defendant and will require that Mr. Windley represent himself at the sentencing hearing on November 26, 2012.

This is only the latest development in Mr. Windley's refusal to cooperate with counsel. The Court previously entered an order recounting the history of Defendant Windley and his lawyers. *See* Doc. 321. The full discussion in that order will not be repeated here. Suffice it to say that Mr. Victor is Defendant's third court-appointed attorney, the Court clearly told Defendant that it would not appoint a fourth lawyer, and Defendant Windley has nonetheless failed to cooperate with Mr. Victor and has now forced his withdrawal. *Id.*

At the change of plea hearing on July 11, 2012, which began with Defendant Windley again seeking new counsel, the Court advised Mr. Windley that termination of Mr. Victor would result in Mr. Windley representing himself. Doc. 306.[1] This warning was consistent with the Court's previous statements, first made on December 12, 2011, that it would not appoint a fourth lawyer in this case. When Defendant requested at the July 11 hearing that Mr. Victor be terminated, the Court gave Defendant the warnings required by *Faretta v. California*, 422 U.S. 806 (1974), and cautioned him that it would be a very poor idea to represent himself. In response, Defendant Windley decided to continue his representation by Mr. Victor and to proceed with his change of plea. The Court therefore afforded Defendant Windley and his counsel additional time for a final review of the plea agreement – a plea agreement which had been discussed several times between Defendant Windley and his counsel – and then engaged in a detailed and lengthy change-of-plea colloquy with Defendant. The colloquy demonstrated that Defendant Windley fully understood the terms of his plea agreement, that he knowingly and voluntarily entered into the plea agreement, and that the plea agreement was amply supported by a factual basis. The Court accepted Defendant's guilty plea and set sentencing for November 26, 2012. Doc. 306.

Shortly after the hearing, Defendant Windley filed yet another motion for appointment of new counsel. Doc. 317. That motion was denied by the Court's order of August 14, 2012. Doc. 321. The order contained the following statements:

> Defendant's latest motion for a new lawyer recites the same grievances Defendant raised during the hearing on July 11, 2012. The Court concludes that none of these reasons provides an adequate basis for the appointment of new counsel. The Court advised Defendant at the July 11 hearing, as it had on previous occasions, that it will not appoint a fourth lawyer to represent him. The Court stands by this decision. Defendant has been represented by three capable lawyers and has simply refused to cooperate with them. The Court cannot in good conscience

---

[1] Defendant Windley had, in fact, asked to represent himself on previous occasions, but had later changed his mind. *See, e.g.,* Doc. 66.

- 2 -

> expend additional government funds for a fourth lawyer to learn the complex facts and evidence of this case. Such a course would only further delay the resolution of this already old case and the Court has absolutely no confidence that Defendant would cooperate with a fourth attorney. The outcome would be the same, with Defendant ultimately being unhappy about the lawyer's assessment of his chances at trial and the terms of the government's plea offer.

Doc. 321 at 5-6.

As a result of the discussion and warnings at the July 11 hearing, Mr. Windley clearly understood that termination of Mr. Victor would result in self-representation. Defendant nonetheless wrote a letter of complaint to the State Bar of Arizona concerning Mr. Victor's handling of this case (Doc. 327-1), and refused to participate in a pre-sentence interview with the probation office scheduled by Mr. Victor. This is not the first time Defendant has written a letter of complaint to the State Bar; he did so with respect to one of his previous attorneys in this case, Stanley Slonaker. *See* Doc. 212.[2] The Court believes that Defendant Windley fully understands the effect of writing such a letter – the bar complaint creates a conflict of interest between lawyer and client and makes it virtually impossible for Mr. Victor to continue representing him. Thus, the Court views Defendant Windley's bar complaint as a demand that Mr. Victor be terminated as his counsel.

The Court has advised Defendant Windley for more than one year that another lawyer will not be appointed. The government has paid for three different lawyers, one from the Federal Public Defender's Office and two from the Court's CJA panel, to learn the facts, evidence, and legal issues in this case. The Court will not expend such funds a fourth time, particularly when it is clear that Mr. Windley simply will not cooperate with any counsel. Nor will the Court permit the resolution of this case – now more than two

---

[2] Defendant Windley initially sent his complaint about Mr. Slonaker to the Arizona Commission on Judicial Conduct, but it was forwarded by the Commission to the State Bar of Arizona. This was known by Mr. Windley because the State Bar wrote to him (Doc. 212-1 at 1) and the correspondence was attached to Mr. Slonaker's subsequent motion to withdraw (Doc. 212-1).

years old – to be further delayed by refusals to cooperate. Defendant Windley has been given the required *Faretta* warnings and clearly understands that the withdrawal of Mr. Victor will result in him representing himself. By sending the bar complaint, Defendant Windley has unequivocally chosen self-representation.[3]

The sentencing hearing will proceed as scheduled on November 26, 2012. If Mr. Windley has legal or factual objections to the pre-sentence report, he should file them at least three weeks before the hearing. He should also be prepared at the hearing to make arguments in support of the sentence he believes appropriate under the plea agreement.

**IT IS ORDERED:**

1. Attorney Marc Victor's motion to withdraw as counsel (Doc. 327) is **granted**.

2. Defendant Windley shall represent himself throughout the remainder of this case.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 8/31/2012.

Dated this 5th day of September, 2012.

_____
David G. Campbell
United States District Judge

---

[3] The Court's order of August 14, 2012 found that Mr. Windley's August 2 motion for appointment of new counsel did not constitute an unequivocal election to represent himself. Doc. 321 at 6. The Court reached this conclusion because the motion asked the Court to appoint a new lawyer, and it was not clear that Mr. Windley wanted to terminate Mr. Victor if no new lawyer was appointed. Mr. Windley's August 20 bar complaint is different. Defendant Windley characterizes the letter as a "formal complaint against my attorney Marc Victor." Doc. 327-1 at 2. The letter forces Mr. Victor to withdraw, and does so after the Court made abundantly clear at the July 11 hearing that Mr. Windley would represent himself if Mr. Victor withdrew. Thus, the Court views the bar complaint as an unequivocal election by Mr. Windley to represent himself.